FILED

DEC 18 2018

CLERK. U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ⎯⎯⎯⎯⎯ DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LANGER,<br><br>                Plaintiff,<br>v.<br><br>KAMAD LLC;<br>DOES 1-10,<br><br>                Defendants. | Case No.: 3:18-cv-00126-BEN-KSC<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>[Doc. No. 6] |

Plaintiff Chris Langer brings this lawsuit against Defendant Kamad LLC, alleging violations of the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act ("UCRA").[1] [Doc. 1.] Defendant moves to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). [Doc. No. 6.] The Motion is **DENIED**.

## I. BACKGROUND[2]

Broadway Greens is a retail business establishment open to the public. [Doc. 1, ¶¶ 8-9.] Kamad LLC has owned the real property at 1351 Broadway, El Cajon, California

---

[1] As of the date of this Order, Plaintiff Chris Langer has 76 currently pending ADA lawsuits in the Southern District of California. He has filed at least 139 lawsuits in this District, alone.

[2] On a motion to dismiss for failure to state a claim, the Court accepts as true the allegations set forth in the Complaint. *See Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976).

since at least November of 2017. [*Id.* at ¶¶ 2-3.] Broadway Greens offers parking spaces to patrons but has "no parking spaces marked and reserved for persons with disabilities." [*Id.* at ¶¶ 10-12.] In addition, Broadway Greens's transaction counter is "42 inches high" with "no lowered, 36 inch portion . . . for use by persons in wheelchairs." [*Id.* at ¶¶ 19-20.]

Plaintiff is a paraplegic who cannot walk and who uses a wheelchair for mobility. [*Id.* at ¶ 1.] Plaintiff attempted to park in parking spaces offered by Broadway Greens to its patrons, but he could not find a parking space marked and reserved for persons with disabilities. [*Id.* at ¶ 11.] On information and belief, Plaintiff alleges a compliant parking space previously existed, but Defendant allowed the space to fade or to be paved over. [*Id.* at ¶ 13.] Consequently, Plaintiff had to shop elsewhere. [*Id.* at ¶ 17.]

## II. DISCUSSION

Defendant moves to dismiss Plaintiff's ADA claim under Rule 12(b)(1) for lack for standing and under Rule 12(b)(6) for failure to state a claim.[3] As a threshold matter, the Court first considers whether Plaintiff has standing.

### A. Rule 12(b)(1)

To demonstrate Article III standing, Plaintiff must plead facts showing he suffered "an injury-in-fact, that the injury is traceable to the [defendant's] actions, and that the injury can be redressed by a favorable decision. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011). Because injunctive relief is the only remedy available to private plaintiffs alleging ADA violations, Plaintiff must also demonstrate a "real and immediate threat of repeated injury." *Id.*

First, Defendant contends Plaintiff fails to allege an injury-in-fact. An injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." *D'Lil v. Best Western Encina*

---

[3] Because Plaintiff's UCRA claim is predicated upon his ADA claim, Defendant moves to dismiss Plaintiff's UCRA claim on the same grounds.

*Lodge & Suites*, 538 F.3d 1031, 1036 (9th Cir. 2008). In ADA cases, courts must "take a broad view of constitutional standing." *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1039 (9th Cir. 2008). Thus, "[e]ven if a disabled plaintiff did not know about certain barriers when the plaintiff first filed suit, that plaintiff will have a 'personal stake in the outcome of the controversy' so long as his or her suit is limited to barriers related to that person's particular disability." *Chapman*, 631 F.3d at 951. "A rule limiting a plaintiff to challenging the barriers he had encountered . . . would burden businesses and other places of public accommodations with more ADA litigation [and] encourage piecemeal compliance with the ADA." *Id.* at 952.

Defendant argues that "Plaintiff never explicitly alleges which barrier he encountered," "how *any* barrier relates to his disability," or "*how* a barrier caused him difficulty, discomfort, or embarrassment." [Doc. 6 at 6 (emphasis in original)]. To the contrary, Plaintiff alleges that he encountered two barriers: (1) a parking lot with no parking spaces reserved for persons with disabilities and (2) a transaction counter with a height of 42 inches. [Doc. 1 at ¶¶ 11, 19.] With respect to parking, Plaintiff specifically alleges that he encountered the barrier—a parking lot without parking spaces reserved for disabled persons—and that this barrier caused him difficulty and frustration when he tried to shop at Broadway Greens, causing him to shop elsewhere. [*Id.* at ¶¶ 8-17.] Plaintiff further alleges that he is a paraplegic who cannot walk, uses a wheelchair for mobility, and has a specially equipped van and a Disabled Person Parking Placard. [*Id.* at ¶ 1.] Accordingly, Plaintiff sufficiently alleges that his disability is related to the alleged barrier. Because Plaintiff could not park without a parking space reserved for persons with disabilities, Plaintiff alleges he was denied full and equal access, causing him difficulty and frustration. [*Id.* at ¶ 16.] Thus, Plaintiff's Complaint pleads an injury-in-fact.

Unlike the parking lot barrier, Plaintiff does not allege that he personally encountered the transaction counter barrier. [*Id.* at ¶ 19.] Nonetheless, Plaintiff's allegations that the transaction counter does not have a lowered 36-inch portion for use by persons with wheelchairs poses another barrier. [*Id.* at ¶¶ 19-20.] To allege a personal

1  stake in the controversy, Plaintiff did not need to personally encounter or know about the
2  alleged in-store barriers when he first filed suit. *See Chapman*, 631 F.3d at 951-52.
3  Further, Plaintiff alleged that the 42-inch transaction counter is a barrier, that a transaction
4  counter higher than 36 inches impacts the ability of persons in wheelchairs to use the
5  transaction counter, and that this deters him from patronizing Broadway Greens. [*Id.* at ¶¶
6  18-23.] Therefore, Plaintiff pleads sufficient facts to establish injury-in-fact as to the
7  transaction counter barrier, as well.

Next, Defendant contends that Plaintiff "fails to explain how his injury . . . is fairly traceable to the challenged conduct of the defendant." [Doc. 6 at 6.] Specifically, Defendant argues that Plaintiff fails to allege Defendant's control over the parking lot or transaction counter, or that Defendant "has the legal authority to dictate to 'Broadway Greens' how it should maintain the parking lot or transaction counter." *Id.* "Subsection (a) of [42 U.S.C. § 12182] provides that the ADA's prohibitions against discrimination apply to 'any person who owns, leases (or leases to), or operates a place of public accommodation.'" *Org. for the Advancement of Minorities v. Brick Oven Rest.*, 406 F. Supp. 2d 1120, 1126-27 (S.D. Cal. 2005) (quoting 42 U.S.C. § 12182(a)). Plaintiff alleges that Defendant owns the real property located at 1351 Broadway, El Cajon, California and that Plaintiff "went to the property to visit Broadway Greens" to shop. [Doc. 1 at ¶¶ 2-3, 8.] Thus, construing these allegations in the light most favorable to Plaintiff, the Complaint alleges that Defendant owns the real property housing Broadway Greens, which discriminated against him by failing to provide reserved parking spaces for disabled persons and a 36-inch transaction counter. [Doc. 1 at ¶¶ 2-3, 8-23.] Accordingly, Plaintiff's Complaint "establishes the second element of standing . . . because it alleges that [Defendant] own[s] the real property that houses the [business] which discriminated against him." *See Org. for the Advancement of Minorities*, 406 F. Supp. 2d at 1127.

Finally, Defendant argues that Plaintiff fails to allege an injury likely to be redressed by a favorable judicial decision because he does not allege that Broadway Greens is still open, that he has an interest in the products sold there, or that he lives near Broadway

4

Greens. [Doc. 6 at 6.] A plaintiff seeking injunctive relief must show "a real and immediate threat of repeated injury." *L.A. v. Lyons*, 461 U.S. 95, 111 (1983). In an ADA case, the plaintiff may establish this element in two ways: (1) by alleging that "he intends to return to a noncompliant accommodation and is therefore likely to reencounter a discriminatory architectural barrier[;]" and (2) by alleging the "discriminatory architectural barriers deter him from returning to a noncompliant accommodation." *Chapman*, 631 F.3d at 950. The Ninth Circuit has held that the plaintiff must show a legitimate intent to visit the public accommodation in question again. *Civil Rights Educ. & Enforcement Ctr. v. Hosp. Properties Trust*, 867 F.3d 1093, 1098 (9th Cir. 2017). Thus, to be deterred from making use of the defendant's facility, the plaintiff must have a true desire to return to the facility but for the barriers. *See Chapman*, 631 F.3d at 949.

According to Defendant, Plaintiff has not alleged that he has "any reason to return" to Broadway Greens. Defendant further argues that an injunction would "do [Plaintiff] no good" if Broadway Greens sells "something Plaintiff would never buy, like industrial cleaning supplies or parachutes." [Doc. 6 at 6-7.] The Court is unpersuaded that a plaintiff's failure to allege what products are sold at an establishment is sufficient to prove the plaintiff lacks standing to bring an ADA action. Further, Plaintiff has alleged his desire to return to Broadway Greens. Specifically, he pleads that he "would like to return and patronize Broadway Greens" and that he will "return to the business to assess ongoing compliance with the ADA." [Doc. 1 at ¶¶ 8, 23, 27.] Thus, the Court finds Plaintiff has plausibly alleged an injury likely to be redressed by a favorable judicial decision and a real and immediate threat of repeated injury. Defendant's motion to dismiss based on lack of standing is **DENIED**.

### B. Rule 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims made in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, Plaintiff must also plead "enough facts to state a claim to

relief that is plausible on its face." Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). On a Rule 12(b)(6) motion, the Court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).

"To prevail on a discrimination claim under Title III, a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." *Ariz. ex rel. Goddard v. Harkins Amusement Enters.*, 603 F.3d 666, 670 (9th Cir. 2010) (citing *Molksi v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). The parties do not dispute that Plaintiff is disabled and that Plaintiff was denied public accommodations because of his disability. Rather, Defendant contends that Plaintiff insufficiently pleads that Defendant owns or operates a place of public accommodation. Construing the allegations in the light most favorable to Plaintiff, however, Plaintiff alleges that Defendant owns the real property containing the alleged barriers. *See Org. for the Advancement of Minorities*, 406 F. Supp. 2d at 1127. Plaintiff also sufficiently pleads that Broadway Greens is a place of public accommodation because he alleges Broadway Greens is a business establishment open to the public for shopping.[4] [Doc. 1 at ¶¶ 8-9.] Accordingly, the Court **DENIES** Defendant's motion to dismiss Plaintiff's Complaint for failure to state a claim.

---

[4] The Court is unpersuaded by Defendant's reliance on *Strong v. Johnson*, 2017 WL 201737 (S.D. Cal. Jan. 18, 2017). In *Strong*, the plaintiff "vaguely refer[red] to 'elements and areas of the Store,'" but did not "say what or where they are, or how the barriers in those places interfere with his access," and merely alleged that "the Store's 'goods, services, facilities, privileges, advantages, and accommodations' were unavailable to him." *Id.* at *2. Although the plaintiff sufficiently identified "a lack of signage at the disabled parking space, failure to designate a parking space as being van accessible; and an access aisle that [the plaintiff] says is 'too steep,'" he did not "allege whether he thinks Defendant owns or leases the parking lot, or has any control over it." *Id.*

In sharp contrast to *Strong*, Plaintiff identifies two barriers: (1) the lack of designated parking spaces for disabled persons; and (2) a transaction counter without a lowered, 36-

6

## III. CONCLUSION

For the previous reasons, Defendant's motion to dismiss, [Doc. 6], is **DENIED**. Defendant must file an answer to the Complaint within fourteen days from the date of this Order. *See* Fed. R. Civ. P. 12(a)(4)(A).

**IT IS SO ORDERED.**

Date: December 17, 2018

HON. ROGER T. BENITEZ
United States District Judge

---

inch portion. [Doc. 1 at ¶¶ 11, 20.] Moreover, Plaintiff plausibly alleges that Defendant owns Broadway Greens and controls the parking lot. [Doc. 1 at ¶¶ 2, 8-10 (alleging that Defendant owns the real property and that parking spaces are offered by Defendant to patrons of Broadway Greens).] Thus, *Strong* does not dictate a different result.